IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEVERLY LAWS,

        Plaintiff,                    No. CIV S-08-2670 KJM

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.               ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will remand this matter under sentence six of 42 U.S.C. § 405(g).

/////
/////
/////
/////
/////

1

I. Factual and Procedural Background

In a decision dated May 21, 2008, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of depression, borderline intellectual functioning, and substance abuse but these impairments do not meet or medically equal a listed impairment; plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with the nonexertional limitations that plaintiff must take numerous unscheduled rest breaks and cannot handle work stress, relate to coworkers, interact with supervisors and deal with the public; plaintiff cannot perform her past

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1  relevant work; considering plaintiff's age, education, work experience and residual functional
2  capacity, based on all the impairments, including the substance abuse disorder, there are no jobs
3  that exist in significant numbers in the national economy that plaintiff can perform; if plaintiff
4  stopped the substance abuse, plaintiff would continue to have severe impairments; if plaintiff
5  stopped the substance abuse, plaintiff would have the residual functional capacity to perform a
6  full range of work at all exertional levels but with the nonexertional limitations that plaintiff
7  could perform simple, repetitive tasks only and have contact with the public occasionally; if
8  plaintiff stopped the substance abuse, based on the testimony of the vocational expert, there are a
9  significant number of jobs that plaintiff can perform; because plaintiff would not be disabled if
10 she stopped the substance abuse, plaintiff's substance abuse disorder is a contributing factor
11 material to the determination of disability; and plaintiff is not disabled within the meaning of the
12 Social Security Act at any time from the alleged onset date through the date of the ALJ's
13 decision.  Administrative Transcript ("AT") 14-19.  Plaintiff contends the ALJ improperly
14 disregarded functional limitations assessed by consulting examining psychiatrists, erred in
15 finding that substance abuse was a contributing factor material to plaintiff's disability,
16 improperly discredited plaintiff's testimony and that of laywitnesses, and relied on incomplete
17 hypotheticals posed to the vocational expert and vocational testimony that conflicted with the
18 Dictionary of Occupational Titles.

19 II.  Standard of Review

20          The court reviews the Commissioner's decision to determine whether (1) it is
21 based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
22 record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
23 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
24 Substantial evidence means more than a mere scintilla of evidence, but less than a
25 preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
26 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

       The ALJ found that when all of plaintiff's impairments, including the substance abuse disorders, were considered, plaintiff is disabled.  AT 17.  However, a finding of "disabled" under the five-step inquiry does not automatically qualify a claimant for disability benefits. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).  Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits "if alcoholism or drug addiction would ... be a contributing factor material to the determination that the individual is disabled."  The purpose of the statute is "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy."  Ball v. Massanari, 254 F.3d 817, 824 (9th Cir. 2001).  Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis ("DAA Analysis") by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol.  20 C.F.R. § 404.1535(b).  If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his or her disability.  If the remaining limitations would not be

disabling, then the claimant's substance abuse is material and benefits must be denied. Id. Plaintiff bears the burden of proving that drug or alcohol addiction is not a contributing factor material to the finding of disability. Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).

As is required under the regulations, after finding plaintiff disabled when substance abuse is considered, the ALJ then considered whether plaintiff would be disabled absent the substance abuse. AT 17-19. As part of this evaluation, the ALJ considered the January 2008 report of a consultative psychiatrist, Les Kalman, M.D. AT 16. The ALJ concluded Dr. Kalman's functional assessment could be construed to cover the combined functional effects of plaintiff's mental impairments, including drug abuse. Id. The narrative report, however, is not in the administrative record, although it is referenced in the index of exhibits. See Court Transcript Index 11F, 14F; AT 255-259, 290-317.[2] Because the ALJ's interpretation of this report is seminal to the finding that plaintiff's substance abuse was a contributing factor material to plaintiff's disability, this court cannot conduct an appropriate review absent the report. The matter must therefore be remanded so the report can be incorporated into the administrative record.

Title 42 of the United States Code, section 405(g), governing judicial review in social security disability cases, authorizes two kinds of remand to the Commissioner. See Melkonyan v. Sullivan, 501 U.S. 89 (1991). First, sentence four (a "sentence four remand"), permits remand incident to affirmance, modification, or reversal of an agency decision. Remand on substantive grounds error is based on sentence four. Second, sentence six (a "sentence six remand"), permits remand to allow the agency to take some further action, or to consider new

---

[2] Plaintiff notes the report should be at AT 290-317, based on the index; instead, medical records from San Joaquin General Hospital appear at these pages. Defendant does not address the absence of the narrative report from the record.

5

evidence not presented previously.[3]  Under sentence six, the court retains jurisdiction until the Commissioner files the postremand results.  See Shalala v. Schaefer, 509 U.S. 292, 298-99 (1993).

In this case, the court cannot properly review the ALJ's decision without the narrative report of Dr. Kalman.  A remand under sentence six so that the Commissioner can locate the report and incorporate it into the record will cure this deficiency.

Accordingly, IT IS HEREBY ORDERED that this matter is remanded under sentence six of 42 U.S.C. § 405(g) for inclusion of the January 2008 narrative report of Les Kalman, M.D. in the evidentiary record.

DATED:  September 30, 2010.

_____
U.S. MAGISTRATE JUDGE

006
laws.sentsixrem.ss

---

[3] Sentence four reads:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

Sentence six reads:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;  and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.